## L. A. BOWLER *vs.* EUROPEAN & NORTH AMERICAN RAILWAY COMPANY and trustees.

### Penobscot. Decided June 4, 1877.

*Trustee process.*

A writ of foreign attachment is not illegally altered, by changing the name of an alleged trustee from Azro Jones to Azro H. Jones after service on other parties, and then attempting to serve upon him as a new name under the statutory provision allowing the names of new trustees to be inserted under certain circumstances, the service proving ineffectual, and the plaintiff claiming only to hold another distinct and unconnected trustee.

Where, under a trustee process, a person discloses that he is indebted for the carriage of freight, the transportation of which was performed in part by the defendant corporation and in part by another company over another and connecting road, it being the custom for the former company to collect the whole freight and pay to the other company its proportion of the same, such alleged trustee can be charged only for such proportion of the whole freight due from him as would belong on settlement to the defendant road.

ON REPORT.

ASSUMPSIT on a note of the defendant company.

The question was whether the alleged trustees were chargeable. Writ was dated October 21, 1875, served on Maxfield & Smith, trustees, October 22, and on principal defendants, October 23. The next day, the letter H. was inserted in the writ, making the name of one of the trustees Azro H. Jones instead of Azro Jones, as it was originally; and service was then made on Azro H. Jones. October 27, service was made on the principal defendants.

Maxfield appeared and disclosed. There was due from him $418.30, to wit: $375 for transportation of fifteen cars of sheep from Houlton, over the New Brunswick and Canada Railroad to McAdam Junction, and thence by railroad of defendant company to Bangor; and $43.30 for three cars of sheep from Mattawamkeag, on line of defendant company, to Bangor. It was the custom of defendant company to collect the whole of the freight from Houlton to Bangor over the N. B. & Canada road, and its own road, and to pay to said N. B. & Canada R. R. Co., thirty-seven hundredths (37-100) of whole freight.

B. E. Smith duly appeared and claimed amount due from said Maxfield, and offered a mortgage deed from said Consolidated E. & N. A. Railway Company to himself and S. F. Hersey as trustees, for security of certain bonds. Said mortgage is dated December 5, 1872, and covers the railroad from Bangor to St. John, and all the property of defendant company, subject to a mortgage to the city of Bangor, of the railroad from Bangor to Winn, and to another mortgage of the railroad from Bangor to east line of the state to secure certain bonds. Hersey having deceased, the title of mortgaged property by terms of mortgage vested in Smith. Under this mortgage, at the request of the holders of the bonds secured by it, Smith, October 27, and before the last service of plaintiff's writ on the company, entered and took possession of the property covered by the mortgage, and at once, on same day, gave public notice by advertisement and posting of his entry, and for all persons indebted to pay him, and has since continued in possession of the railroad and property named in the mortgage, and it is admitted that he legally took possession under the mortgage.

Up to the time of entry by Smith, the railroad was worked by the consolidated company, and neither the city of Bangor nor the trustees, under the mortgage of part of the road from Bangor to east line of state have ever taken possession, or interfered or claimed earnings of road.

The case was reported for the decision of the full court, whether Maxfield the alleged trustee is chargeable; and, if so, for what amount.

*A. Sanborn*, for the plaintiff.

*C. P. Stetson*, for B. E. Smith, claimant.

The alteration of the writ was not authorized by R. S., c. 86, § 6.

The mortgage to Smith of all property of every nature and description possessed or hereafter to be acquired, transferred to him the above claim, and gave him the right to take possession and claim the earnings, which right is paramount to plaintiff's attachment. *Woodman* v. *York & Cumberland*, 45 Maine, 207.

Plaintiff cannot hold the amount of freight earned by the New Brunswick &. Canada Railroad Company. *Gould* v. *Newburyport Railroad*, 14 Gray, 472. *Chapin* v. *Conn. R. Railroad*, 16 Gray, 69.

PETERS, J. This is an action of foreign attachment. It is claimed that there has been an alteration of the writ. The names of Maxfield and Smith and Azro Jones were originally inserted in the writ as trustees. Service was made on Maxfield and Smith, but not on Jones; and service was then made on the principal defendants. Afterwards, Azro Jones and Azro H. Jones being the same person, the letter H. was inserted in Jones' name, and service then made on him and renewed on the principal defendants. We can see no wrong in this. The plaintiff, at the most, did no more than to attempt to avail himself of the privilege of inserting in his writ the name of a new trustee, as allowed by § 6, c. 86, R. S. His effort, however, proved ineffectual. The name must be inserted " before " the process is served on the principal and not after. It does not help the matter that the service was afterwards renewed on the principal. It may

be renewed upon the principal after "further" service on any trustee. But here the service on Jones was an original and not a "further" service, because there was no service on him before. Nor could the writ be regarded as a new writ from the date of service on Jones, because there was no after service on Maxfield or Smith. In any view, there was no legal service on Jones, nor does the plaintiff claim to hold him. All this seems to be immaterial so far as the trustee Maxfield is concerned. He has no connection with Jones, and discloses only an individual liability of his own.

Maxfield's disclosure shows that he was indebted for freight transportation from Houlton to Bangor; that the transportation was performed in part by the defendant corporation and in part by another company over another road, the roads being so connected as to permit a continuous passage of the cars between the two places; that it was the custom of the defendant company to collect the whole freight due for transportation from Houlton to Bangor, accounting to the other railroad company according to the portion of the distance carried by them, for their share of the same. There can be no doubt that Maxfield cannot be charged for that portion of the freight which was earned by the New Brunswick & Canada Railroad Company. Even if it had been collected by the E. & N. A. R. Company, it would have been in their hands, as agents and trustees, as the property of the other road. *Gould* v. *Newburyport Railroad Co.*, 14 Gray, 472. *Chapin* v. *Conn. R. Railroad*, 16 Gray, 69. *Hartan* v. *Eastern Railroad*, 114 Mass. 44. *Williams* v. *Williams*, 23 Maine, 17.

The other question raised is settled in another case, argued with this, where a similar state of facts is presented. *Emerson* v. *E. & N. A. Railway*, ante, p. 387.

*Trustee charged.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.